BARBRE v. GOODALE.

[38 Pac. 67; 43 Pac. 878.]

1. APPEAL — AMENDING PROOF OF SERVICE.— An imperfect proof of service of a notice of appeal may be amended on motion so as to conform to the fact: *Dolph* v. *Nickum*, 2 Or. 202, and *Seeley* v. *Sebastian*, 3 Or. 563, cited and approved; *Briney* v. *Starr*, 6 Or. 207, and *Henness* v. *Wells*, 16 Or. 266, distinguished.

2. GENERAL DEMURRER — PLEADING.— A general demurrer to a complaint containing several causes of action is properly overruled where any one of the causes is well stated.

3. AGENCY — PAROL EVIDENCE TO SHOW REAL PARTIES TO WRITTEN INSTRUMENT.— Parol testimony is admissible to show that a contract which is not a negotiable instrument, and not required to be under seal, although so in fact, executed by and in the name of an agent, is the contract of the principal, although the principal is known to the other contracting party at the date of its execution.

4. DEGREE OF PROOF — REAL PARTY IN INTEREST.— That plaintiff is the real party in interest is not required to be established by higher proof than that requisite to establish any other fact in the case.

APPEAL from Lane: J. C. FULLERTON, Judge.

This is an action by J. I. Barbre against J. C. Goodale to recover upon two separate causes. The first is upon a written agreement which purports upon

23 OR.—33.

its face to be the agreement of one G. W. Handsaker, of the first part, and J. C. Goodale, of the second part. By its terms, in brief, the first party agrees to cut, haul, bank, and deliver to the second party two million feet of fir logs, and, if certain conditions of the lumber market continued to prevail, an additional one half million feet, at a certain point upon the McKenzie River, in Lane County, at the rate of three dollars per thousand, to be paid by the second party as follows: One dollar per thousand when the logs were cut and banked, and one dollar per thousand when scaled and rolled in the river, and such balance as should be found due between the parties within thirty-one days thereafter. The last clause is as follows: "It is further understood and agreed, and is a part of the consideration of this agreement, that the second party reserves out of and deducts from the balance that may be due the first party, after making said first two payments, any sum or sums that may then be due or to become due to the second party from J. I. Barbre, or for which he is responsible, to pay J. I. Barbre not to exceed one thousand seven hundred dollars, the obligations of which are now created." The contract purports to be under seal. After the plaintiff had cut, hauled, and banked one million four hundred and forty-two thousand feet of logs, and cut in the timber three hundred and eighty-two thousand feet more, and while proceeding with the performance of the contract, the defendant, on March first, eighteen hundred and ninety-two, notified and directed him to discontinue the work, as he would not pay for or take any more of such logs. Whereupon plaintiff commenced this action to recover under the contract for such logs as he had cut and banked, and also for such as he had cut in the timber. The complaint proceeds upon the

theory that G. W. Handsaker was Barbre's agent in
the execution of said contract, and that it was signed
and executed in his name instead of Barbre's by con-
sent of defendant, and hence that Barbre is entitled to
sue upon the agreement solely and in his own name.
The second cause of action is based upon the sale and
delivery by plaintiff to defendant of nine hundred and
eighty-seven thousand feet of other logs at three dol-
lars and twenty-five cents per thousand, upon which a
balance of four hundred and seventy-two dollars and
thirty-four cents is claimed.  At the trial plaintiff had
a verdict for two hundred and fourteen dollars, and
from the judgment entered thereon the defendant ap-
peals.                                    AFFIRMED.

For appellant there was a brief and an oral argu-
ment by *Messrs. L. Bilyeu* and *J. M. Williams.*

For respondent there was a brief and an oral argu-
ment by *Messrs. George B. and George A. Dorris.*

## ON MOTION TO DISMISS.

PER CURIAM.  1.  This is a motion to dismiss the
appeal for want of notice.  The appellant filed a cross-
motion, based upon an affidavit and accompanying
papers, from which it appears that within the time
allowed by law a notice of appeal was regularly
served upon the attorneys for respondent, and the
same filed with the clerk of the circuit court, with
a certificate of service attached thereto as follows:
"State of Oregon, County of Lane, *ss.*  I hereby cer-
tify that I served the within notice of appeal within
said state and county on the second day of April,
eighteen hundred and ninety-four, on the within named
defendants George B. Dorris and George A. Dorris

by delivering to them and each of them in person a true and correct copy of this original notice. J. E. Noland, sheriff of Lane County, Oregon, George Croner, deputy." For some reason, not explained, the paper containing the alleged proof of service became detached from the original notice, and could not be found until after the transcript had been filed in this court, and hence does not appear therein. Although Messrs. George B. and George A. Dorris were the attorneys for the respondent, and as such could have been and were in fact served with the notice, the proof of such service as indorsed or attached to the notice of appeal when filed is admittedly imperfect. But under the rule in *Dolph* v. *Nickum*, 2 Or. 202, and *Seeley* v. *Sabastian,* 3 Or. 563, it seems to us the appellant should be allowed to amend the return to conform to the fact. The cases of *Briney* v. *Starr*, 6 Or. 207, and *Henness* v. *Wells*, 16 Or. 266, relied upon by respondent, are to the effect that the proof of service must accompany and be filed with the notice of appeal, but in neither of these cases was there any proof or attempted proof of service so filed, and there was therefore nothing to amend, while in the case at bar there was an alleged, though imperfect, proof of service filed with the notice, and hence this case comes within the rule announced in the two cases first cited, and not within the cases relied on by the respondent. We think, therefore, the motion to dismiss the appeal should be overruled, and the cross-motion to amend allowed.        OVERRULED.

## ON THE MERITS.

Opinion by MR. JUSTICE WOLVERTON.

2. A general demurrer was filed to the complaint, but, as it goes to the whole complaint, and one of the separate causes of action is confessedly well set out, the demurrer was properly overruled.

3. At the trial, plaintiff, while a witness in his own behalf, was asked, and permited to answer over the objection of the defendant, the following questions: Question—"How did that clause about the one thousand seven hundred dollars, which allows Goodale to deduct from last payment amount due him from Barbre, not to exceed one thousand seven hundred dollars, come to be in the contract?" Answer—"I had been logging for Goodale, and he had paid me about one thousand seven hundred dollars on logs which were claimed by the Oregon and California Railroad Company, and it sued, or threatened to sue, him to recover the value of the logs. If he had to pay the railroad company for the logs, this had to be deducted out of the contract price of those logs." Question— "State what the conversation was at the time of your entering into the contract as to who the true parties to the contract should be." Answer—"Mr. Goodale and I had a conversation about making the contract to get out some logs. I wanted to get out some logs for him, about two million feet. I had the teams and everything neeessary to carry on logging. Mr. Goodale said that he would let me have a contract to get out two million, but did not want to have the contract made in my name; that the railroad company had sued, and he was afraid that if the contract was in my name the company would make trouble, and he said

why not make it in the name of George (meaning
G. W. Handsaker). I told him that I did not want to
bother George. Goodale said that it would not be any
trouble to him, that I could go on and carry on the
contract just the same. I said I could see George
about it, and I did speak to George about it, and he
said so long as he would not be bothered in any way
he would assist me in the matter, and it was agreed
between Mr. Goodale, Mr. Handsaker, and myself that
the contract should be drawn up and signed by G. W.
Handsaker, and that I should carry it out; that it
should be my contract, and not the contract of G. W.
Handsaker, and that Mr. Handsaker should not be
bound by the contract. Under this agreement the con-
tract was drawn up and signed by Mr. Handsaker and
Goodale, and I did the work that was done under it."
This, with other testimony of the same nature, all
elicited over defendant's objection, forms the basis of
the principal grounds of error relied upon for the
reversal of the judgment below.

The question is here presented whether it is com-
petent to show by parol testimony that a contract
executed by and in the name of an agent is the con-
tract of the principal, where the principal was known
to the other contracting party at the date of its exe-
cution. There are two opinions touching the question
among American authorities,—the one affirming and
the other denying; but the case is one of first im-
pression here, and we feel constrained to adopt the
rule which may seem the more compatible with the
promotion of justice, and the exaction of honest and
candid transactions between individuals. The English
authorities are agreed that parol evidence is admissi-
ble to show that a written contract executed in the
name of an agent is the contract of the principal,

whether he was known or unknown; and the American authorities are a unit so far as the rule is applied to an unknown principal, but disagree where he was known at the time the contract was executed or entered into by the parties. All the authorities, both English and American, concur in holding that, as applied to such contracts executed when the principal was unknown, parol evidence which shows that the agent who made the contract in his own name was acting for the principal does not contradict the writing, but simply explains the transaction; for the effect is not to show that the person appearing to be bound is not bound, but to show that some other person is bound also. And those authorities which deny the application of the rule where the principal was known do not assert or maintain that such parol testimony tends to vary or contradict the written contract, but find supp        on the doctrine of estoppel, it being maintained        a party thus dealing with an agent of a known p.  cipal elects to rely solely upon the agent's responsibility, and is therefore estopped to proceed against the principal. The underlying principle, therefore, upon which the authorities seem to diverge, is the presumption created by the execution of the contract in the name of the agent, and the acceptance thereof by a party, where the principal is known. Is this presumption conclusive or is it disputable? Without attempting to reconcile the decisions, we believe the better rule to be that the presumption thus created is a disputable one, and that the intention of the party must be gathered from his words, and the various circumstances which surround the transaction, as its practical effect is to promote justice and fair dealing. The principal may have recourse to the same doctrine to bind the party thus

entering into contract with his agent. Parol evidence, however, is not admissible to discharge the agent, as the party with whom he has dealt has his election as to whether he will hold him or the principal responsible. This doctrine must be limited to simple contracts, and may not be extended to negotiable instruments and specialties under seal, as they constitute an exception to the rule. As bearing upon these deductions see 1 Am. and Eng. Ency. of Law, 392; *Briggs* v. *Partridge,* 64 N. Y. 362 (21 Am. Rep. 617); *Nicoll* v. *Burk,* 78 N. Y. 583; *New Jersey Steam Navigation Company* v. *Merchants' Bank,* 47 U. S. (6 How.), 380; *Nash* v. *Towne,* 72 U. S. (5 Wall.), 703; *Stowell* v. *Eldred,* 39 Wis. 626; *Chandler* v. *Coe,* 54 N. H. 561; *Ford* v. *Williams,* 62 U. S. (21 How.), 289; *Hunter* v. *Giddings,* 97 Mass. 41 (43 Am. Dec. 54); *Trueman* v. *Loder,* 11 Ad. and E. 589; *Higgins* v. *Senior,* 8 Mees and W. 843; *Calder* v. *Dobell* (Law Rep.), 6 Com. Pleas, 485; Mechem on Agency, §§ 449, 698, 699. If an instrument is valid without a seal, although executed under seal, it is to be treated as written evidence of a simple contract; and the seal adds nothing, except, under our statute, it is made primary evidence of a consideration: *Stowell* v. *Eldred,* 39 Wis. 626; *Byington* v. *Simpson,* 134 Mass. 169 (45 Am. Rep. 314); *Rector of St. David's* v. *Wood,* 24 Or. 404 (34 Pac. 18).

Now, looking to the contract which is the basis of the cause of action under consideration, we find that it was executed in manner and form as requested by the defendant, and to subserve a special purpose peculiar to his own interest, with the express avowal that it should be treated as the contract of plaintiff, although executed in the name of Handsaker the agent. It is further disclosed that both the defendant and the plaintiff afterwards so treated it; the plaintiff proceeding under it, and in obedience with the terms

and conditions thereof in cutting, hauling, and banking
the logs preparatory to delivery, and the defendant by
making payments to him from time to time, sometimes
directly, and sometimes through Handsaker, the agent.
This is ratification, and constitutes a very significent
feature of the inquiry. Aside from this, the contract
discloses upon its face that a part of the consideration
for these logs moved directly from defendant to plain-
tiff. Under these attendant circumstances, and others
which might be alluded to, we think the court com-
mitted no error in admitting the testimony to show
who were the real parties to the contract, as well as
to explain how the clause touching the one thousand
seven hundred dollars came to be placed therein.
The admission of the parol evidence touching this
clause may be upheld as being explanatory of the
consideration which in part supports the contract.

4. The court instructed the jury, among other
things, that "the plaintiff must make out his case by
a preponderance of the evidence; the defendant must
make out his case by a preponderance of the evidence;
that is, each must make out the better case on what
he claims the other owes him," and the defendant re-
quested the court to supplement said instruction with
the following: "But before plaintiff can recover on the
first cause of action set up in his complaint he must
establish that he is the real party in interest by clear
and satisfactory evidence." This request the court re-
fused, and such refusal is assigned as error. We
think the court's action in this regard is not open to
objection. There is nothing in the case to take it out
of the ordinary rule that each party must make out
his case, whenever the burden of proof is cast upon
him, by a preponderance of the testimony. To estab-
lish that a party to the action is the real party in

interest requires no higher or superior proof than to establish any other fact in the case. The additional instruction asked would require this and was therefore properly refused.

There are some other questions presented by defendant in his brief and at the argument. These we do not deem it necessary nor profitable to discuss in detail, but suffice it to say we have carefully examined them all, and find no prejudicial error.

AFFIRMED.

Argued December 12, 1895; decided February 3, 1896; rehearing denied.