Argued July 28, decided September 13, 1910.

## SIMON *v.* TRUMMER.

[110 Pac. 786.]

PARTIES—TRUSTEE OF AN EXPRESS TRUST—STATUTES.

1. Where a contract stipulates that it is made for the benefit of a third person or designates the third person as "trustee," the word not being used as *descriptio personae,* an express trust within Section 29, B. & C. Comp., authorizing a trustee of an express trust to sue alone, is created, and the third person may sue alone.

PARTIES—PARTIES IN INTEREST—AGENCY.

2. An action cannot be prosecuted for a principal in the name of a mere agent having no personal interest in the subject-matter, but where an agent has a part in the contract to which he is made a party, or has a particular property in the subject-matter of the agreement, the legal interest and the right of action are vested in him.

PARTIES—PARTIES IN INTEREST—AGENCY.

3. A person obtaining a lease intended to permit a corporation of which he was the managing agent to occupy the premises. The corporation

obtained possession, but did not secure an assignment of the lease. It paid the rent and the costs and expenses incurred in dissolving an injunction obtained by a third person enjoining possession under the lease. *Held*, that the lessee had a special property in the leased premises, and could sue alone on the injunction bond given by the third person.

PARTIES—PARTIES IN INTEREST—OBJECTIONS.

4. Where the complaint shows that plaintiff is the real party in interest, his right to sue may not be challenged by demurrer.

PARTIES—PARTIES PLAINTIFF—NONJOINDER.

5. The rule that the nonjoinder of a necessary party plaintiff in an action *ex delicto* cannot be proved under the general issue does not apply in an action by one who has a joint interest in the subject-matter, in which case the question of nonjoinder is admissible under the general issue in diminution of the indemnity demanded.

PARTIES—DEFECT OF PARTIES—MANNER OF RAISING OBJECTION.

6. An answer or plea interposing the objection of nonjoinder of parties plaintiff must be special, and allege directly that plaintiff is not the real party in interest.

PLEADING—ISSUES—NONJOINDER OF PARTIES.

7. Where a lessee, who took the lease with the intention that a corporation should occupy the premises, brought a suit in his own name on an injunction bond given by a third person obtaining an injunction restraining the lessee from taking possession of the land, and there was nothing to show that the lessee and the corporation were co-tenants in the leased premises, evidence that the corporation had repaid the lessee the rent paid and expenses incurred in dissolving the injunction was admissible, and findings to that effect were without the issues.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This appeal originated in two actions instituted by G. Simon against L. Trummer and his sureties, the United States Fidelity and Guaranty Company, a corporation, to recover damages for breaches of injunction bonds. The complaint in one case alleged in effect:

(1) That the owner of certain real property in Portland executed a written lease thereof for four years to plaintiff, who at the commencement of the term, August 1, 1905, and continuously thereafter during that period, was entitled to the use of the land; (2) that plaintiff was prepared to occupy the premises August 1, 1905, but on the day prior thereto Trummer commenced a suit and wrongfully obtained an injunction restraining him from taking possession of the land; (3) that, in order to secure the prohibitive writ, Trummer and the defendants, Charles Urfer and A. B. Steinbach, gave an undertaking, condi-

tioned to pay all costs and expenses that might be decreed against them, and all damages that might be awarded to plaintiff and others, not exceeding $500, if the injunction were issued wrongfully or without sufficient cause; (4) that on September 13, 1905, the writ was dissolved, the suit dismissed, and the decree had become final; (5) that, by reason of the injunction, plaintiff had been damaged to the extent of $935; and (6) that no part thereof had been paid.  Judgment was demanded for $500, the penal sum of the undertaking.

The answer controverted paragraphs 1 and 5 of the complaint, admitted paragraphs 3 and 4 thereof, denied that plaintiff was prepared to occupy the premises August 1, 1905, or at any time, conceded that on the previous day Trummer began the suit mentioned, but denied that the injunction was issued wrongfully or without sufficient cause, and acknowledged that no part of the damages demanded had been paid, denying that any sum was due or owing from Trummer to plaintiff.  For a further defense it was alleged that pursuant to an order of court another injunction bond for $2,500 was given by Trummer and the United States Fidelity & Guaranty Company, which undertaking was substituted for the prior bond.

The reply put in issue the allegations of new matter in the answer, except the giving of the second undertaking.

The complaint in the other cause alleged that the defendant, the United States Fidelity & Guaranty Company, was a corporation, and stated the facts substantially as alleged in the other complaint.  Judgment was demanded for $935, the amount of damages involved, with interest from November 30, 1906.

The answer to the second complaint set forth practically the same defense that was interposed in the other action, except that no reference was made to any substitution of the undertaking.

By stipulation, these causes were consolidated and tried without the intervention of a jury.  From the testimony

taken at the trial findings of fact were made conformable
to the averments of the complaints, and to the effect that
the rental value of the land from August 1, 1905, to
September 18th of that year, when Trummer vacated the
premises, was $720; that the costs and expenses incurred
in securing a dissolution of the injunction were $215,
giving the items thereof; that at all the times mentioned
in the pleadings plaintiff was the managing agent of M.
A. Gunst & Co., a corporation; that on July 31, 1905, and
thereafter, he intended to permit his principal to occupy
the land under his right thereto at the same rental he had
engaged to pay; that since September 18, 1905, that cor-
poration had been in possession of the premises, but had
not secured an assignment of the lease held by plaintiff;
and that M. A. Gunst & Co. had paid the rent specified
and all costs and expenses so necessitated. Based on these
findings, a conclusion of law was made as follows: "The
plaintiff is entitled to recover of and from the defendants,
and each of them, nominal damages only, and the court
fixes same at one dollar ($1.00) in each case." Judgment
having been rendered in accordance therewith, the plain-
tiff appeals.                                        REVERSED.

For appellant there was a brief over the names of
*Messrs. Teal & Minor,* and *Mr. W. A. Johnson,* with an
oral argument by *Mr. Wirt Minor.*

For respondents there was a brief over the names of
*Mr. John F. Logan, Mr. John C. Shillock* and *Mr. J. H.
Stevenson,* with an oral argument by *Mr. Logan.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. It is contended that the conclusion of law is not
deducible from the findings of fact, and hence the judg-
ment given is erroneous. It is argued that plaintiff was
the trustee of an express trust and authorized to maintain
the actions without joining with him M. A. Gunst & Co.,

or averring in the complaints that he prosecuted the causes for its use and benefit.

Our statute demands that every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in Section 29.   Section 27, B. & C. Comp.   The section thus referred to is, so far as material herein, as follows:

"A trustee of an express trust * * may sue without joining with him the person for whose benefit the action is prosecuted.   A person with whom, or in whose name a contract is made for the benefit of another is a trustee of an express trust within the meaning of this section." Section 29, B. & C. Comp.

Though these are *ex delicto* actions, the lease and the relation existing between plaintiff and M. A. Gunst & Co. become important in order to ascertain Simon's right to redress for the alleged injury sustained.   When a written contract stipulates that it was made for the benefit of others of a specified class, or for a particular person, or when it designates a party as "trustee"—the latter term not being used as *descriptio personae*—an express trust, within the meaning of the statute, is hereby created, authorizing such party to maintain an action on the contract without joining with him the beneficiary: *United States* v. *McCann,* 40 Or. 13 (66 Pac. 274) ; *Wright* v. *Conservative Invest. Co.,* 49 Or. 177 (89 Pac. 387) ; *Heavenridge* v. *Mondy,* 34 Ind. 28.

2. Under. a statute of New York which authorized a trustee of an express trust to maintain an action, without joining with him the person for whose benefit the cause was prosecuted, and prior to an amendment declaring that a person with whom or in whose name a contract was made for the benefit of another was a trustee of an express trust within the meaning of the original enactment, it was held that a factor or mercantile agent who contracted in his own name on behalf of his principal was

a trustee of an express trust and the proper party to bring the action upon the contract: *Grinnell* ·v. *Schmidt,* 2 Sandf. (N. Y.) 706: In referring to the decision in that case Mr. Chief Justice DIXON, in *Robbins* v. *Deverill,* 20 Wis. 150, 152, observes:

"In order to constitute a trustee of an express trust, as I understand the statute, there must be some express agreement to that effect, or something which in law is equivalent to such an agreement. The case of factors and mercantile agents may or may not constitute an exception, under the custom and usage of merchants."

A public auctioneer who sells goods for another may maintain an action for the price, although he has received his advances and commissions, and had no interest in the property sold or its proceeds: *Minturn* v. *Main,* 7 N. Y. 220, 224. In deciding that case it is said:

"An auctioneer has such a special property or interest in the subject-matter of the sale that he may sue in his own name, unless the principal or real owner elect to bring the action in his name (Chitty, Contr. 185.) And it is not necessary to prove that he has a special property or interest, for that flows as a matter of course from his position as an auctioneer, and it is only where a party acts as a mere agent or servant that a special beneficial interest must be proved to maintain an action, or may be disproved to defeat it."

As a corollary from the legal principle thus stated, it follows that an action cannot be prosecuted for a principal in the name of a "mere" agent who has no personal interest in the subject-matter: *Mitchell* v. *St. Mary,* 148 Ind. 111, 115 (47 N. E. 224.) If, however, an agent has a part in the contract to which he is made a party, or has a particular property in the subject-matter of the agreement, the legal interest and the right of action are vested in him: *Bryan* v. *Wilson* 27 Ala. 208, 214; *United States Tel. Co.* v. *Gildersleve,* 29 Md. 232, 245 (96 Am. Dec. 519) ; *Porter* v. *Raymond,* 53 N. H. 519, 526.

3. The findings of fact herein do not state that plaintiff was a "mere" agent, or that he had no beneficial interest in the land or in the damages resulting from a detention of its possession. The circumstance that he had not assigned the lease to his principal would seem to imply that a special property or right in the leasehold estate was retained by him, notwithstanding the corporation occupied the premises with his consent. The payment of the rent and of the costs and expenses incurred in securing a dissolution of the injunction, though made by the principal, is not regarded as necessarily controlling or inevitably calculated to defeat a recovery by the managing agent. The plaintiff's right to maintain the actions not having been sufficiently negatived, the findings of fact do not in our opinion support the conclusion of law based thereon.

4. In view of the determination thus reached, it is deemed essential to advert to another feature of the case, though the action of the court in relation thereto is not assigned as error. The question of plaintiff's want of interest in the subject-matter does not seem to have been raised. The pleadings have been set forth at some length to show what issues are involved. As it appears from the complaints that Simon is the real party in interest, his authority to prosecute the causes could not have been successfully challenged by demurrer: *Porter* v. *Clements*, 3 Ark. 364, 382; *Zimmerman* v. *Schoenfeldt*, 3 Hun (N. Y.) 692, 698; *State* v. *Sappington*, 68 Mo. 454, 457; *Fisher* v. *Hall*, 41 N. Y. 416, 424; *Robinson* v. *Smith*, 3 Paige (N. Y.) 222, 230 (24 Am. Dec. 212.)

5. If M. A. Gunst & Co. was a necessary party, its nonjoinder with plaintiff in an action *ex delicto* could not have been proved under the general issue: 31 Cyc. 691; *Abbe* v. *Clark*, 31 Barb. 238, 240; *Brotherson* v. *Hodges*, 6 Johns (N. Y.) 108. An apparent exception to this rule exists in that class of actions when instituted by a party

who has a joint interest in the subject-matter, in which case the question of nonjoinder may be given in evidence under the general issue in diminution of the indemnity demanded: 1 Enc. Pl. & Pr. 15; *Branch* v. *Doane,* 17 Conn. 401, 415; *Jones* v. *Lowell,* 35 Me. 538, 540; *Cooper* v. *Grand Trunk Ry.,* 49 N. H. 209, 212. This legal principle is thus stated by Mr. Chief Justice KENT in *Wheelwright* v. *Depeyster,* 1 Johns. (N. Y.) 471, 486 (3 Am. Dec. 345):

"It appears to be settled in the books that, in actions of trover and trespass, the plaintiff may sue separately for his aliquot share or proportion of interest in a chattel, and that the defendant may give the joint interest of others in evidence, in mitigation of damages, but that he cannot avail himself of the omission of the plaintiff to unite the other tenants in common with him in the suit, otherwise than by pleading in abatement. He cannot take advantage of it at the trial."

Some contrariety of judicial utterance exists as to whether the question of a plaintiff's want of interest in the subject-matter constitutes a plea in abatement or in bar. In Indiana it was formerly held that such a defense was a plea in bar: *State ex rel.* v. *Ruhlman,* 111 Ind. 17, 20 (11 N. E. 793.) A subsequent decision of the Supreme Court of that state, however, is to the effect that a defect of parties, not apparent on the face of the complaint, must be set up by a verified plea in abatement and tried before an answer in bar is filed: *Western U. T. Co.* v. *State ex rel.,* 165 Ind. 492 (76 N. E. 100: 3 L. R. A. (N. S.) 153: 6 Am. & Eng. Ann. Cas. 880, 886; 1 Enc. Pl. & Pr. 11; *Lanier* v. *Trigg,* 6 Smedes & M. (Miss.) 641 (45 Am. Dec. 293, 295); *Varnum* v. *Taylor,* 59 Hun, 554, 556 (14 N. Y. Supp. 242); *Spooner* v. *Delaware Ry. Co.,* 115 N. Y. 22, 30 (21 N. E. 696.)

6. Whether such a defense should be set up by a plea in abatement or in bar is not necessary to a decision herein, for, whatever practice is adopted, the rule seems to be

well settled that an answer or plea interposing such an objection must be special and allege in direct terms that the plaintiff is not the real party in interest: Pomeroy, Code Remedies (3 ed.) § 711. This author, at the section noted, says:

"The defense that the plaintiff is not the real party in interest is new matter. A general averment, however, to that effect, is not enough. The facts must be stated which constitute the defense, and which show that he is not the real party in interest."

Thus in Indiana, where an objection to a plaintiff's want of interest was formerly considered a plea in bar, it was held that a defense of that kind should be specially pleaded: *Felton* v. *Smith,* 84 Ind. 485, 490.

7. It will be remembered that the answer herein did not allege, specially or otherwise, that plaintiff was not the real party in interest. If, therefore, Simon was designated in the lease as "trustee" or by any other equivalent term, so that an express trust was thereby created, or if that fiduciary relation arose by reason of his having some special property or interest in the subject-matter of the actions, which is not disclosed, because no testimony has been brought up, any evidence from which the fact was deduced that M. A. Gunst & Co. had repaid him was inadmissible, and findings to that effect were not within the issues, since it does not appear that Simon and his principal were co-tenants in the leasehold estate: *Derkeny* v. *Belfils,* 4 Or. 258, 260; *Bump* v. *Cooper,* 20 Or. 527, 529 (26 Pac. 848.)

It is possible that evidence of the plaintiff's want of interest in the subject-matter was received without objection or motion to strike it out, and, if so, he is precluded by his silence at the trial: *Robbins* v. *Deverill,* 20 Wis. 150, 152. But, however this may be, as the findings of fact do not support the conclusion of law based thereon, the judgment is reversed, and the cause remanded for such further proceedings as may be necessary not inconsistent with this opinion.          REVERSED.