Argued at Pendleton October 26, affirmed November 30, 1926.

## ELMER BLOMQUIST ET AL. *v.* VERNON JENNINGS ET AL.

(250 Pac. 1101.)

**Infants—Complaint, Asking Rescission of Minors' Contract to Buy Automobile, Held to State Cause of Action.**

1. Complaint, alleging purchase of automobile by minors, and asking rescission of contract and recovery of amount paid on purchase price, *held* to state cause of action.

**Pleading—Complaint Held Liberally Construed, Where Defendants Did not Stand on Demurrer.**

2. Where defendants did not stand on demurrer, complaint should be liberally construed, and is entitled to every reasonable intendment.

**Infants—Complaint in Minors' Action to Rescind Contract to Buy Automobile Held not Defective as Failing to Allege That Plaintiffs Paid Their Money or Bought Car, or That Defendants Owned or Sold It.**

3. In action to rescind minors' contract to purchase automobile, complaint *held* not fatally defective, as failing to allege that money paid under contract belonged to plaintiffs, or that they were the purchasers; that defendants owned car, or that they sold it.

**Pleading—In Minors' Action to Rescind Contract to Buy Automobile, Allegation That Contract was Fraudulent Held not Departure, After Defendants Alleged Damage to Car.**

4. In action to rescind minors' contract to purchase automobile in which defendants alleged damage to car while in plaintiff's possession, allegation in reply that transaction was fraudulent *held* not departure, since minor disaffirming contract, free from fraud, is liable for depreciation of article in his hands.

---

2. See 21 R. C. L. 466.

Pleading—Allegations of Reply That Infants' Contract to Purchase
Automobile was in Name of Adult Held not Departure from
Complaint Alleging They had Bought It.

5. In action to rescind minors' contract to purchase automobile,
allegations of reply that contract was made in name of adult to
conceal identity of real parties in interest *held* not departure from
theory of complaint that plaintiffs purchased automobile.

Evidence—Testimony That Minors were Real Parties in Interest in
Conditional Sales Contract Executed by Adult Held Admissible.

6. In action to rescind minors' contract to purchase automobile
in which conditional sales contract was shown to be executed by
adult, testimony that minors were real parties in interest, and that
contract was executed to conceal fact that plaintiffs were minors,
*held* admissible.

Appeal and Error—Finding That Minors were Real Parties in Inter-
est in Contract Executed by Adult Held Conclusive.

7. Jury's finding on conflicting evidence that minors were real
parties in interest in conditional sales contract executed by adult
*held* conclusive.

Infants—No Question of Agency is Involved in Infants' Action to
Rescind Contract Executed by Adult, Where Defendants Alleged
Refusal to Deal With Plaintiffs.

8. No question of agency is involved in action to rescind minors'
contract to purchase automobile, which was executed by adult,
where defendants alleged that they refused to deal with plaintiffs.

Infants—Minor's Appointment of Agent Held Voidable.

9. Appointment of agent by minor is not void, but only void-
able.

Trial—Instruction That Plaintiffs were Minors Held Proper, Though
Defendants Denied Infancy in Answer.

10. In action to rescind minors' contract to purchase automobile,
instruction that plaintiffs were minors *held* not error, though defend-
ants denied their infancy, where testimony as to ages was uncontra-
dicted, and defendants asserted that they refused to deal with
plaintiffs because they were minors.

Appeal and Error—Assignments Relative to Issue Found for Appel-
lants will not be Considered.

11. Defendants' assignments of error on their appeal, relative
to instructions concerning fraud, will not be considered, where jury
found in their favor on such issue.

---

7. See 2 R. C. L. 194.

9. *Validity of appointment of agent by minor, see notes in 7
Am. Dec. 234; 18 Am. St. Rep. 629; 5 L. R. A. 178. See, also, 14
R. C. L. 220.*

**Evidence—In Infants' Action to Rescind Contract to Buy Automobile, Exclusion of Evidence That Defendants Did not Own Car Held Proper.**

12. In action to rescind infants' contract to purchase automobile, exclusion of evidence to show that car was not owned by defendants *held* not error, where they alleged that they had sold it to plaintiffs' adult brother.

**Infants—In Infants' Action to Rescind Purchase of Automobile, No Recovery can be had by Defendant for Infants' Use of Automobile, Where not Pleaded.**

13. In action by infants to rescind contract to buy automobile, defendants cannot recover for the use of the automobile by the infants, where loss of use was not pleaded.

Appeal and Error, 4 **C. J.**, p. 745, n. 71, 72 New, p. 1042, n. 37.
Evidence, 22 **C. J.**, p. 1235, n. 28.
Infants, 31 **C. J.**, p. 1003, n. 82, p. 1025, n. 92.
Pleading, 31 **Cyc.**, p. 256, n. 29, 30, p. 680, n. 69.
Trial, 38 **Cyc.**, p. 1615, n. 19, p. 1652, n. 6.

From Union: J. W. KNOWLES, Judge.

In Banc.

This is an action by two minors, through their guardians *ad litem,* to rescind a contract to buy a second-hand Premier automobile, Model 1921, and to recover $260 paid on the purchase price. The gravamen of the complaint is thus alleged:

## "III.

"That at all times herein mentioned the said Elmer Blomquist and Ralph Buchanan were minors under the age of twenty-one years and of the ages as hereinbefore set forth; that on or about the 7th day of September, 1925, the above named Elmer Blomquist and Ralph Buchanan paid to the defendants the sum of $260, upon the purchase of an old Premier automobile, 1921 model; that said automobile was not a necessity, and was not necessary for the support or maintenance of said children, as each of said minors was without funds or property other than the price paid for said automobile.

"IV.

"That prior to the commencement of this action the above named minors disaffirmed said contract, returned said automobile to the defendants, who now hold the same, and demanded the return of said money, but defendants have at all times wholly failed and neglected and refused to return the same or to repay any part of said money."

Defendants interposed a demurrer to the complaint, but answered over denying every allegation of the same excepting the paragraph pertaining to their partnership relation. As a further and separate answer they allege:

"That on or about September 1, 1925, said Elmer Blomquist and Ralph Buchanan endeavored to induce defendants to enter into a contract with them for the purchase of said automobile by them but that said defendants at all times refused to do so; that thereafter on the 5th day of September, 1925, said defendants sold said automobile under a written contract of sale for the sum of $695.33 to V. Blomquist, which contract was signed by V. Blomquist and said defendants; that said V. Blomquist paid thereon the sum of $260 in cash and agreed to pay the balance thereof in twelve equal, monthly installments without interest; that no part of the balance due under said contract has been paid.

"Defendants admit that they now have possession of said automobile but allege that said automobile, between the 5th day of September, 1925, and the return thereof to them, had been damaged by plaintiffs in the sum of $260 and was worth the sum of $260 less than it was on September 5, 1925."

Plaintiffs in their reply denied the new matter alleged in the further and separate answer and as a further and separate reply averred in substance that they were induced to purchase the automobile by

reason of certain false and fraudulent representations made by defendant. It is further charged that "the defendants well knowing the plaintiffs were minors, had the title placed in the name of one V. Blomquist as pretended purchaser—although he paid no money on said car—to conceal the fact that the money for said car was obtained from children as aforesaid."

A verdict was returned in favor of plaintiff for $174.50. Defendants appeal.   AFFIRMED.

For appellants there was a brief over the name of *Messrs. Ringo & Wright,* with an oral argument by *Mr. E. R. Ringo.*

For respondents there was a brief over the name of *Messrs. Green & Hess,* with an oral argument by *Mr. R. J. Green.*

BELT, J.—1-3. There is no merit in the contention that the complaint fails to state a cause of action. Defendants did not see fit to stand on their demurrer and therefore the complaint should be liberally construed. It is entitled to every reasonable intendment: *Bottig* v. *Polsky,* 101 Or. 530 (201 Pac. 188). It is also urged that the complaint is fatally defective in that it does not allege "that the $260 belonged to plaintiffs or that they were purchasers of the automobile," that defendants owned the automobile or that they sold it. This, in our opinion, is a strained and highly technical construction of the pleadings.

4, 5. It is asserted that the allegations of the reply constitutes a departure. In view of defendants' charge that the automobile had been damaged by plaintiffs while in their possession, it was proper to allege in the reply that the transaction was fraudu-

lent. In this jurisdiction it is settled that where a minor disaffirms a contract which is fair and free of fraud, returns the article purchased, and seeks to recover the amount paid thereon, he may be required to respond in damages for depreciation in value of the article while in his hands: *Petit* v. *Liston,* 97 Or. 464 (191 Pac. 660, 11 A. L. R. 487). Plaintiffs were not seeking to rescind this contract on the ground of fraud, but such allegations were made for the purpose of controverting the claim for damages. The allegations of the reply that the contract was made in the name of V. Blomquist for the purpose of concealing the identity of the real parties in interest is not a departure from the theory of the complaint that plaintiffs purchased the automobile from defendants.

6, 7. The principal issue in this case is whether the defendants sold the automobile to the plaintiffs or to the adult brother, V. Blomquist. The conditional sales contract introduced in evidence purported to show that it was executed by V. Blomquist and defendants. It was not error for the court to admit testimony to show who were the real parties in interest and that the contract was thus executed for the purpose of concealing the fact that plaintiffs were minors: *Wm. Brown & Co.* v. *Duda,* 91 Or. 402 (179 Pac. 253); *Riddle State Bank* v. *Link,* 78 Or. 498 (153 Pac. 1192); *Smith* v. *Campbell,* 85 Or. 420 (166 Pac. 546); *Barbre* v. *Goodale,* 28 Or. 465 (38 Pac. 671, 43 Pac. 378). This question was submitted to the jury under appropriate instructions and its finding thereon, as embodied in its verdict, is conclusive.

8, 9. It is urged that no recovery can be had by a minor on the rescission of a contract made in the name of one purporting to act as his agent. This theory is inconsistent with the allegations of the

further and separate answer to the effect that they refused to deal with plaintiffs but dealt exclusively with V. Blomquist. No question of agency is involved. Assuming, however, that V. Blomquist did act as the agent of the minors, it does not follow that there could be no recovery. While there is authority to the contrary, the modern trend of decisions, which we think announce the better rule, hold that the appointment of an agent by a minor is not void but only voidable. See *Casey* v. *Kastel,* 237 N. Y. 305 (142 N. E. 671, 31 A. L. R. 995), and exhaustive note wherein authorities are collated.

10. Error is predicated on the instruction of the court that the jury was bound to accept as an established fact that Elmer Blomquist and Ralph Buchanan were minors. It is true that defendants in their answer denied the infancy of the plaintiffs but there was no contradiction in the testimony relative to their ages. Indeed, defendants assert that they refused to deal with plaintiffs for the very reason that they were minors. In appellants' brief, we find the statement of counsel, "they refused to deal with plaintiffs because they were minors."

11. It is not necessary to consider assignments of error relative to instructions concerning the issue of fraud, for the reason that the jury found in favor of defendants upon that phase of the case and awarded them damages as an offset against payments made on the purchase price. No damages could have been allowed if the transaction had been fraudulent. It must be apparent that appellants were not prejudiced.

12. Defendants complain because the court did not admit evidence for the purpose of showing that the automobile was not owned by defendants, but by one Julius Roesch. A sufficient answer to this con-

tention is that defendants alleged that they "sold said automobile under a written contract of sale for the sum of $695.33 to V. Blomquist." The trial court very properly submitted this cause under the issues as made by the pleadings.

13. Appellants complain of the following instruction:

"I instruct you that the defendants do not claim damages or offsets against plaintiffs' claim for the use of said automobile in the pleadings of the defendant, and therefore the defendants have no right in this case to offset anything for the use of said automobile."

It is argued that the above instruction is erroneous in that it denies the right of recovery for the use of the automobile by plaintiffs. Again reverting to the pleadings, it is observed that there is no basis for such claim in damages. Under the pleadings, defendants were not entitled to compensation for the reasonable value of the use of the automobile while in possession of the plaintiffs, but they were allowed damages for depreciation in value of the car during such time.

There are 27 assignments of error. We have carefully reviewed all of them, but have selected for consideration in this opinion those upon which we think appellants seriously rely for reversal. If we have acted unwisely in this respect, it will at least point a moral: Avoid making shot-gun appeals in the hope that some of the scattering shot will take effect. The rifle with its single bullet has far greater shocking power. We end the preachment with this admonition: Concentrate.

The judgment of the lower court is affirmed.

AFFIRMED.

RAND, J., absent.