Argued at Pendleton May 7, affirmed July 11, rehearing denied October 2, 1928.

S. A. PENNICK ET AL. *v.* AMERICAN NATIONAL BANK.

(268 Pac. 1012.)

618

For appellant there was a brief over the names of *Messrs. Raley, Raley & Warner, Mr. A. S. Cooley* and *Mr. John F. Kilkenny,* with an oral argument by *Mr. Cooley.*

For respondent there was a brief over the names of *Mr. Edward J. Clark* and *Mr. A. C. McIntyre,* with an oral argument by *Mr. Clark.*

COSHOW, J.—■ ■ There is conflict in the authorities regarding the admissibility of evidence offered for the purpose of showing that a party to the written contract is not the real party in interest but was acting for a principal at the time he entered into and signed the contract. This state, however, early adopted the principle that parol evidence was admissible to show that a party not named in nor a subscriber to a contract is the real party in interest and is bound thereby. This principle was first announced in *Barbre* v. *Goodale,* 28 Or. 465, 470 (43 Pac. 378). It is seriously contended by defendant that that prin-

ciple applies only where the principal was not known to the other contracting party. But in *Barbre* v. *Goodale,* above, in pages 470 to 471 of the official Report, the contrary is held. In said page 470 the court, speaking through Mr. Justice WOLVERTON, announced the issue thus:

"The question is here presented whether it is competent to show by parol testimony that a contract executed by and in the name of an agent is the contract of the principal, where the principal was known to the other contracting party at the date of its execution."

In page 471 said late justice wrote:

"Without attempting to reconcile the decisions, we believe the better rule to be that the presumption thus created is a disputable one, and that the intention of the party must be gathered from his words, and the various circumstances which surround the transaction, as its practical effect, is to promote justice and fair dealing. The principal may have recourse to the same doctrine to bind the party thus entering into contract with his agent. * * This doctrine must be limited to simple contracts, and may not be extended to negotiable instruments and specialties under seal, as they constitute an exception to the rule."

This case has never been overruled nor its authority weakened. It was cited with approval in *Blomquist* v. *Jennings,* 119 Or. 691, 696 (250 Pac. 1101); *Pulkrabek* v. *Bankers' Mortgage Corp.,* 115 Or. 379, 385 (238 Pac. 347); *Brown & Co.* v. *Duda,* 91 Or. 402, 405 (179 Pac. 253). Parol evidence was admissible notwithstanding the contracts were in writing to prove that defendant bank was the real party in interest.

■ It was not attempted by plaintiff to recover from defendant on the note given by said Blydenstein to

plaintiff. The action is based upon the indebtedness which was evidenced by that promissory note. There was sufficient evidence that the indebtedness was the obligation of the bank to submit the controversy to the jury. The jury returned its verdict in favor of plaintiff, which concludes this court on that question.

■ A promissory note is not payment of a debt unless the parties thereto especially agree that it shall be given and received as payment. This principle was announced in the early case of *Black* v. *Sippy,* 15 Or. 574 (16 Pac. 418), which case has been often cited and its authority not weakened by later decisions.

■ Defendant received the property of said grain company as security for that company's indebtedness to it, but the property was very far from being sufficient to pay that indebtedness. There was no probability at all of there being any surplus after the sale of said property and the proceeds of said sale were applied to said indebtedness.

The taxes levied against that property was not only a lien thereon but was also a personal debt of said grain company: Or. L., §§ 4325, 4383. Defendant could not avoid paying the taxes levied against said property by selling the same. Said Blydenstein testified that the agreement between him and plaintiff required defendant to pay the taxes that were due. There was ample evidence of said Blydenstein's authority as agent of defendant to carry the issue to the jury as to the agreements between said Blydenstein and plaintiff. Defendant admits that for the purpose of the liquidation said Blydenstein was its agent. Other witnesses introduced by defendant and who were directors of the bank testified that the ex-

change of property between plaintiff and said Blydenstein was discussed by defendant bank's directors and the same approved. The question of whether or not said Blydenstein was acting for defendant bank in these transactions was submitted to the jury with proper instructions. In fact the instructions were so favorable to defendant that no exception was taken thereto. The question of agency, therefore, in said transaction between plaintiff and said Blydenstein was determined by the jury's verdict. We find no error in the record. The judgment is affirmed.

AFFIRMED. REHEARING DENIED.

RAND, C. J., and BEAN and ROSSMAN, JJ., concur.