Argued December 4, 1957, affirmed February 26, 1958

# GENOVA *v.* JOHNSON
321 P. 2d 1050

*Francis F. Yunker* argued the cause for appellant. On the brief were Yunker, Fewless & Hannam, Portland.

*Bartlett F. Cole,* Portland, argued the cause and filed a brief for respondent.

Before LUSK, Presiding, and WARNER and KESTER, Justices.

KESTER, J.

This is an action for conversion of an automobile. Defendant appeals from a judgment based upon a verdict which awarded plaintiff $100 general damages and $2,000 punitive damages.

On or about August 7, 1952, plaintiff, who was then a minor (he has since attained majority), sought to purchase the car in question from defendant, who was a used-car dealer. According to defendant the transaction had proceeded to the point where they had agreed upon a price and terms, plaintiff had made a $100 down payment, and a receipt had been made out. Then defendant discovered that plaintiff was a minor, and defendant said that he could not sell to a minor on a conditional sales contract. According to plaintiff, defendant told him to get an adult to sign the contract for him. In any event the money was returned and no sale was completed that day.

The next day, August 8, plaintiff returned with an adult friend, Raymond Georgeson, and the purchase was completed with Georgeson signing the contract as buyer. Georgeson also signed a purchaser's credit statement and a blank power of attorney for the purpose of transferring title to the car. Plaintiff made the $100 down payment, defendant gave plaintiff a receipt for the $100, and plaintiff took possession of the car and drove it off. Georgeson left in another car.

Before concluding the sale, defendant went with plaintiff to a garage where they obtained an estimate for repairs to the clutch. Also, there was no key for

the car, so after completing the transaction, plaintiff had a key made and came back, whereupon defendant reimbursed him for that expense. These incidents are mentioned only because they show knowledge on the part of defendant that the real purchaser was plaintiff and not Georgeson.

The contract recited a sale price of $675 plus $118.30 as additional charges. The down payment of $100 left a balance of $693.30, which was to be paid in monthly installments of $46.26, the first such payment being due September 1, 1952.

According to plaintiff the car did not operate properly, and on August 15, 1952, one week after the purchase, plaintiff brought it back to defendant's lot and complained that he had been duped. Plaintiff says that he asked to turn it back and have his equity applied on another car, which defendant refused. While they negotiated the car was parked on the street, with plaintiff's girl friend waiting in it. Defendant came out and started the engine, listened for a moment, and then he (defendant) drove the car around to the back of his lot. According to plaintiff, defendant offered him $30 for his equity, which plaintiff refused.

The evidence is conflicting as to just what happened next, but the jury could have found, in accordance with plaintiff's testimony, that defendant took possession of the car, threw out on the ground some of plaintiff's tools and personal effects, and ordered plaintiff off the premises. Plaintiff gathered up his things, and he and his girl friend left the scene. According to plaintiff the incident occurred in front of bystanders, and he was embarrassed and humiliated. On the argument defendant's attorney admitted that there was sufficient evidence to support a finding of a conversion, if plaintiff was the proper party.

There was no delinquency in payments at that time, and according to defendant his reasons for retaking the car were that: (1) plaintiff had been mistreating the car, and (2) plaintiff had no right to possession because the contract required the named purchaser, Raymond Georgeson, not to "dispose of or lose possession" of the car. Defendant's principal contention in this court is that since the contract was in Georgeson's name, plaintiff had no interest in the car, had no right to possession, and has no standing to complain of the conversion. Defendant does not rely on any contractual right of repossession for breach of contract, as against plaintiff.

Defendant's first contention is that the complaint does not state facts sufficient to constitute a cause of action. Since the complaint is short, we quote it in full:

"I.

"That on or about August 8, 1952, plaintiff purchased from the defendant a certain 1946 Buick automobile, Serial No. 243-80-844 for the sum of $100.00 down plus certain monthly installments; that defendant, as a condition to making said sale, required the plaintiff to procure a person 21 years of age or over to execute the agreement to pay installments; that plaintiff did procure one RAYMOND GEORGESON to execute the contract as purchaser; that plaintiff paid defendant the $100.00 down and took possession of said 1946 Buick.

"II.

"That on or about August 15, 1952, the defendant, GERALD L. JOHNSON, maliciously, intentionally, fraudulently, forcibly, and under aggravating circumstances, to the humiliation and embarrassment of plaintiff, deprived plaintiff of the possession of said Buick sedan and converted it to his own use, that $4,900.00 is a reasonable sum to be awarded plaintiff as punitive damages.

"III.

"That the value of plaintiff's interest in said sedan at said time and place was the sum of $100.00; that at said time and place plaintiff was required to use said automobile in going to and coming from his place of employment, which fact was well known to the defendant, GERALD L. JOHNSON; that plaintiff has been put to time and trouble procuring substitute transportation and generally damaged by being deprived of the use and possession of said Buick automobile, generally damaging plaintiff in the amount of $100.00."

Defendant argues:

"(1) That the allegations therein contained utterly fail to assert that respondent had title, ownership, or such possessory right to the motor vehicle in question as would permit him to maintain an action in trover or conversion;

"(2) That there appears no allegation in said Second Amended Complaint indicating or claiming that respondent has sustained damage by reason of appellant's actions which would justify recovery on the theory of conversion."

■■ No demurrer was filed, and after verdict the complaint must be construed liberally in favor of the pleader. So construed, the allegations that "plaintiff purchased" the automobile, that he "took possession" of it, that defendant "deprived plaintiff of the possession" of it, and that "the value of plaintiff's interest in said sedan at said time and place was the sum of $100.00" are sufficient to meet defendant's objections.

While there is no specific allegation that plaintiff was the owner, either generally or of a special interest, at the time of the conversion, the quoted statements show that plaintiff had at least a possessory interest at that time, which is sufficient to maintain trover. *Montesano L. & M. Co. v. Portland Iron Works*, 94 Or

677, 682, 186 P 428; *Elerath Steel & Iron Co. v. Cornfoot,* 116 Or 83, 93, 240 P 229.

■ On the question of value, defendant contends that the complaint is defective because it does not allege a "market value." But while market value is ordinarily the measure of damages in conversion, that is because market value is ordinarily just compensation. It is not the exclusive measure, and where market value would not be just compensation, other means may be used to show actual value. *Barber v. Motor Investment Co.,* 136 Or 361, 365-6, 298 P 216. At this stage, the allegations that plaintiff had paid $100, and that the value of his interest was $100, must be held sufficient.

Defendant next contends that the trial court erred in not granting his motions for nonsuit and directed verdict. His first point is that the named purchaser, Georgeson, is the only one who acquired any rights under the written contract, and that plaintiff is not the proper party.

The contention is answered by *Blomquist v. Jennings,* 119 Or 691, 250 P 1101, which is quite similar on the facts. In that case two minor brothers desired to purchase a car, and the contract was taken in the name of their adult brother, although the minors made the down payment. They disaffirmed the contract, returned the car, and sued to recover the payments made. This court held that it was not error to admit testimony to show that the minors were the real parties in interest and that the contract was thus executed for the purpose of concealing the fact that they were minors. 119 Or at 696.

■ Since *Barbre v. Goodale,* 28 Or 465, 471, 38 P 67, 43 P 378, it has been settled that the parol evidence rule does not prevent showing by parol testimony that a contract executed by and in the name of an agent

is in fact the contract of the principal, when the principal was known to the other contracting party at the time. Such evidence does not contradict the writing, for the agent remains bound by the contract, and the effect is merely to show that another party is also bound. As shown in the Blomquist case, the appointment of an agent by a minor is not void but only voidable. 119 Or at 697.

◼ In the present case there was ample evidence from which the jury could find that plaintiff was the real party in interest, notwithstanding that the contract was in Georgeson's name, and that defendant at all times knew that he was actually dealing with plaintiff. The jury could have found that defendant offered plaintiff $30 for his equity, and this would certainly be an admission by defendant that plaintiff had an interest in the car. It is clear that plaintiff had a beneficial interest as purchaser, and his interest was sufficient to maintain trover.

◼ Defendant's next point is that there was no evidence of damage; but as pointed out above, it was not necessary to prove market value of the car when there was other evidence from which just compensation could be determined. As between the parties to the contract (and we hold that plaintiff was such a party), the sale price was at least some evidence of the value of the car; and the amount paid by plaintiff was at least some evidence of the value of his special interest in the car. 89 CJS 691, Trover & Conversion § 239. The value one week prior to the conversion, coupled with plaintiff's testimony as to his care of the car, was at least some evidence of value at the time of the conversion. *Barber v. Motor Inv. Co.*, supra, 136 Or at 368.

◼◼ Defendant next argues that there was no evidence to support an award of punitive damages. While

punitive damages are not favored in the law (*O'Harra v. Pundt,* 210 Or 533, 310 P 1110, 779; *Smith v. Abel,* 211 Or 571, 316 P2d 793, they will be sustained where property sold on a conditional sales contract is wrongfully repossessed with "improper motives" and in "utter disregard for the property rights of plaintiff." *Pelton v. Gen. Motors Accept. Corp.,* 139 Or 198, 204, 7 P2d 263, 9 P2d 128. There was sufficient evidence of aggravating circumstances in this case to warrant submitting the question of punitive damages to the jury.

■ Defendant's final point with respect to his motions for nonsuit and directed verdict is that there was no demand for return of the automobile before bringing action. Since defendant's position throughout, and in this court, has been that plaintiff was not entitled to possession, it is apparent that a demand would have been futile. In any event, demand is only necessary where the original taking was rightful, and the jury here could have found that the taking was wrongful in its inception. *Daniels v. Foster & Kleiser,* 95 Or 502, 507, 187 P 627; *Eade v. First Nat. Bank,* 117 Or 47, 51, 242 P 833.

Defendant assigns error in the giving and refusal of certain instructions, but the questions raised are disposed of adversely to him by what we have already said.

The judgment is affirmed.