Argued February 7, reversed and remanded March 28, 1974

# RITCHIE, *Appellant, v.* MUNDON ET UX,
## *Respondents.*

520 P2d 445

*Henry L. Bauer,* Portland, argued the cause for appellant. With him on the briefs were Bauer, Murphy, Bayless & Fundingsland, Portland.

*Donald N. McGiffin,* Beaverton, argued the cause for respondents. With him on the brief were Myatt, Bolliger & Hampton, P.C., Beaverton.

TONGUE, J.

This is a suit for specific performance of an earnest money agreement for the sale of real property in Washington County. Plaintiff was the agent for a corporation which was to be the purchaser of the property and that fact was disclosed. The agreement, however, named plaintiff as the purchaser and as an individual, with no reference to the corporation or to the fact that plaintiff was an agent. The trial court, after taking testimony, entered a decree dismissing plaintiff's complaint. Plaintiff appeals.

Plaintiff relies upon what he states to be "The general rule * * * that where the agent of a disclosed principal enters into a contract in the agent's name alone, with no reference to the principal, either in the manner of executing the document or in the body of the contract, such contract is, between the agent and third party, * * * enforcible [sic] by and against the agent."[1]

---

[1] Plaintiff cites Barbre v. Goodale, 28 Or 465, 38 P 67, 43 P 378 (1896); Genova v. Johnson, 213 Or 47, 321 P2d 1050 (1958); Southern Pac. Co. v. Oregon etc. Assn., 127 Or 364, 272 P 281 (1928);

Defendants contend, to the contrary, that the "* * * general rule in determining the enforcability of a contract by an agent who has entered into the agreement on behalf of [a] disclosed principal is that 'unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract'" and that "Parole [sic] evidence is admissible to show that the party not named in a contract is the real party in interest."⓶

■ Upon reading the various cases and authorities on this question, including those cited by both parties, we find that they are not entirely harmonious, to say the least. According to Restatement of the Law of Agency 2d §§ 363 and 364 (1958), an agent who makes a contract on behalf of his principal can sue to enforce the contract in his own name *"on behalf of the principal"* if the agent is a party promisee or transferee, but otherwise cannot sue in his own name to enforce the contract. In this case, however, plaintiff is not suing to enforce a contract "on behalf of the principal," but on his own behalf. Neither does it appear that plaintiff was a "transferee" of an interest in the contract by

---

Restatement of the Law of Agency 2d § 364 (1958); 3 Am Jur 2d 695, Agency § 338 (1962); 3 CJS, Agency § 407, p 246 (1972); 39 Am Jur 875, Parties § 19 (1942); Costanzo Coal Min. Co. v. Weirton Steel Co., 150 F2d 929 (4th Cir 1945); and San Jacinto Rice Co. v. A. M. Lockett & Co., 145 SW 1046 (Tex 1912).

⓶ Defendants cite Restatement of the Law of Agency 2d § 320 (1958); 3 Am Jur 2d 695, Agency § 338 (1962); 81 CJS 657ff, Specific Performance § 118 (1953); Pennick et al v. American Nat. Bank, 126 Or 615, 268 P 1012 (1928); Genova v. Johnson, 213 Or 47, 321 P2d 1050 (1958); Barbre v. Goodale, 28 Or 465, 38 P 67, 43 P 378 (1896); Lentz v. Oregon Growers Co-op. Assn., 116 Or 683, 242 P 826 (1926); Simon v. Trummer, 57 Or 153, 110 P 786 (1910).

assignment from the principal or that he had any interest in the contract except to the extent that he acquired such an interest from the fact that the contract named him as an individual as the purchaser and was signed by him as an individual.[9]

According to Mechem, Outlines of the Law of Agency (4th ed 1952) 205-06, § 303, if an agent enters into what appears on its face to be an integrated written contract and signs that contract in his individual name, evidence is not admissible to show that he was contracting as the agent for another and that this was known and understood by both parties, at least in cases in which the agent is sued and seeks to escape responsibility under the contract. The reason is that " 'to allow evidence to be given that the party who appears on the face of the instrument to be personally a contracting party, is not such, would be to allow parol evidence to contradict the written agreement, which cannot be done.' "[10] To the same effect, see Mechem, Law of Agency 1597, 1598, § 2031 (1914); 2 Williston on Con-

---

[9] Both parties also discuss the question whether plaintiff, as the agent for a disclosed principal, was the "real party in interest" for the purposes of ORS 13.030. If, however, an agent sues on behalf of his principal he can do so as a "trustee" under the terms of that statute. Simon v. Trummer, 57 Or 153, 157, 110 P 786 (1910); Lentz v. Oregon Growers Co-op. Assn., 116 Or 683, 691-92, 242 P 826 (1926). And if the agent is in fact a party to the contract so as to be bound by it, the requirements of that statute would also be satisfied.

[10] Mechem, Outlines of the Law of Agency (4th ed 1952) 206, § 305, quoting from "the leading case of Higgins v. Semier," 8 Meeson & Welsby's Eng Exch Rpts 834 (1841). Mechem would distinguish, however, cases in which such evidence is admitted for the purpose of binding the principal to such a contract, rather than to discharge the agent from responsibility under the contract. To the same effect, see Barbre v. Goodale, *supra*, n. 2, and Genova v. Johnson, *supra*, n. 2, both cited by the parties in this case. See also Pennick et al v. American Nat. Bank, 126 Or 615, 619, 268 P 1012 (1938).

tracts 318-19, § 281 (3d ed 1959); Restatement of the Law of Agency 2d § 323 (1958); and Barbre v. Goodale, 28 Or 465, 38 P 67, 43 P 378 (1896). See also Mechem, *supra,* 1592, § 2024, and *Costanzo Coal Min. Co. v. Weirton Steel Co.,* 150 F2d 929, 937 (4th Cir 1945). Cf. Steffen, Agency-Partnership, 443-44, § 27 (3d ed 1969); 2 Restatement, *supra,* § 364.

Assuming, without deciding, that this is the proper rule for application in this case, we find that the earnest money receipt was signed by plaintiff in his individual name and that on its face it was a complete, unambiguous and integrated written contract for the purposes of the issues raised in this case, with the result that plaintiff was a party to that contract and could sue and be sued upon it as a party to the contract. It also follows under that rule that this result cannot be changed by parol evidence to the effect that when the contract was signed it was known and understood that plaintiff was acting as an agent for a corporation.[9]

Assuming, however, that parol evidence is admissible in this case it does not follow that a different result is required. According to the Restatement of Agency, *supra,* § 320, one making a contract with another for a disclosed principal does not become a party to the contract "unless otherwise agreed." From the comments under § 320, it appears that one who made such a contract with another for a disclosed principal and who contends that he was nevertheless a "party to the contract" has the burden to prove that it was so "agreed."

It appears from the same comments, however,

---

[9] This does not mean, however, that such evidence could not be received for the purpose of showing that the principal was also bound by such a contract. See cases cited in n. 4.

that the party with such a burden of proof can make a prima facie case upon offering evidence that the contract was made in such a form as to indicate on its face that it was not entered into by the party as an agent for someone else, but in such a form as to indicate that he made the contract on his own behalf.

Under this view, the other party (the defendants in this case) then has the burden of coming forward with evidence to the contrary, i.e., to show that the parties agreed and intended that although the contract was in such a form as to name the agent as a party to the contract, the actual agreement and intent was that he was acting only as an agent on behalf of a principal, who was intended to be the sole party responsible for performance of the contract and the sole party entitled to enforce the obligation of the contract.

It then would become a question of fact, to be decided by the trier of the facts, whether the one who made the contract for such a disclosed principal did not become a party to the contract or whether it was "otherwise agreed." See also Restatement, *supra,* § 364, comment (f.), and 1 Corbin on Contracts 123, § 31 (1963). Cf. *Simon v. Trummer,* 57 Or 153, 110 P 786 (1910); Seavy, Agency (Hornbook Series 1964) 120, 229-30, §§ 70, 136.

Assuming, however, that such an approach is proper, based upon the assumption that this written earnest money agreement was ambiguous or otherwise subject to the admission of parol evidence to show the intent of the parties, we still find that the plaintiff was a party to the contract.

■ Plaintiff, when called by defendants as an adverse witness, testified that at the time the earnest money agreement was prepared he didn't "know at the

time how the title was to be taken," because there were three corporations, Transcorp of Oregon, Transcorp of Washington and Davies Homes, and that it was "in the back of my own mind that if Transcorp was not interested in it, I would buy it myself." Although it does not appear that he told these things to defendants, these were the apparent reasons why the earnest money agreement was prepared so as to name plaintiff as an individual as the purchaser and why it was signed by plaintiff as an individual, with no reference to the fact that he was acting as an agent for anyone.

Defendant Jack Mundon testified that when plaintiff came to see him plaintiff said that he represented Transcorp and that in entering into the earnest money agreement he "felt that *a* corporation with any backing at all would have a better chance of getting a zone change than an individual" (the agreement was conditioned upon the purchaser getting a zone change). That testimony, in our view, was not sufficient to establish an intent that such an unnamed corporation was intended to be the *sole* party to the contract, much less to establish an intent that the agent, who was the sole named purchaser, was not intended to be at least *a* party to the contract. It must be kept in mind that the question to be decided is not whether the principal was intended to be a party to the contract, with the right to sue and the liability to be sued for its violation, but whether it was intended that the agent *also* be a party to the contract, with the right to sue and the liability to be sued for its violation.

Furthermore, defendant Jack Mundon admitted on deposition that although he "felt that I was dealing with Transcorp," he "didn't know the corporation" and that "If he represented General Motors for all I cared

it didn't make any difference who he represented."
According to Restatement of the Law of Agency 2d
§ 320, Comment c:

"[T]he fact that the other party \* \* \* declared
that he did not care who the principal was \* \* \*
is evidence that it was agreed that the agent was a
party to the contract. \* \* \*"

It must also be remembered that plaintiff was not
only the sole named purchaser in the earnest money
receipt, but that he also undertook to sign a demand
note for $1,000 in his sole and individual capacity, and
without reference to any principal or agency relation-
ship. He also signed the application for a conditional
use change in his individual name.

Under these facts, we believe that the prima facie
case made by plaintiff's offer in evidence of the written
contract was not overcome by any evidence offered by
defendants, but was corroborated by other evidence.
Accordingly, we also hold that plaintiff was a "party
to the contract" within the meaning of Restatement of
the Law of Agency 2d § 320 (1958), and could therefore
sue and be sued as a party to the contract. Cf. *Simon v.
Trummer, supra,* 159.

Because we thus reach the same result by appli-
cation of the rule stated in Restatement of Agency
2d § 320, as reached by application of the rule stated
in §§ 363 and 364, we need not decide in this case which
rule should be adopted for application by this court
in deciding future cases.

■ Although the trial judge entered a decree dis-
missing plaintiff's complaint, he made neither general
nor special findings of fact in favor of the defendants.
Cf. *Simon v. Trummer, supra,* 159. Assuming, however,
that the decree is to be considered as a general finding

of fact in favor of defendants, and recognizing the consideration to be accorded to a trial judge who makes findings of fact in a suit in equity, this court nevertheless has the responsibility to try de novo an appeal from such a decree in equity.

For all of these reasons, the decree of the trial court must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

O'CONNELL, C. J., dissenting.

I think that the evidence clearly indicates that it was the intention of Jack Mundon and plaintiff that the property was to be sold to a corporation which plaintiff was representing and not to plaintiff himself. That intention should be given effect unless there is some legal obstacle preventing its proof. I do not think that there is such an obstacle in this case. The parol evidence rule would apply to preclude oral evidence if the contract were integrated and it appeared unambiguously either that Ritchie was a party or was not a party to the contract. Restatement (Second), Agency § 323. But the contract in question contained no indication as to whether plaintiff was contracting as an agent or an individual. In these circumstances, parol evidence should be admissible to determine that status.