Argued February 26, affirmed March 11, 1919.

## WM. BROWN & CO. *v.* DUDA.

(179 Pac. 253.)

**Principal and Agent—Undisclosed Principal—Parol Evidence.**

1. In an action for breach of a contract between defendant and a third person claimed to have been in fact made with plaintiff, parol evidence that defendant, when executing the contract, knew that the third person was plaintiff's agent, was admissible.

[As to suits by undisclosed principals on contracts made with their agents, see note in 55 Am. St. Rep. 916.]

Contracts—Action—Pleading and Proof.

2. In an action for breach of contract, wherein defendant pleaded a general denial, the burden was on plaintiff to prove the agreement, and defendant would then have a right to show that it was without consideration.

Appeal and Error—Review—Presumptions.

3. In the absence from the record of the evidence before the trial court, it cannot be presumed that an instruction is not supported by proof.

Contracts—Action for Breach—Necessity of Showing Damages.

4. In an action for breach of contract to deliver hops sold, plaintiff could not recover without showing damages by reason of defendant's failure to carry out the contract.

From Marion: PERCY R. KELLY, Judge.

Department 2.

At Mt. Angel on November 15, 1916, for an expressed consideration of $1, the defendant acknowledged in writing:

"I have this day sold to F. M. Morley 131 bales of my 1916 growth of hops like sample submitted at 10½ cents per pound (tare 5 lbs.), delivered f. o. b. cars or boat Mt. Angel, subject to inspection and acceptance."

After the hops were inspected and accepted and the agreed purchase price was tendered, for failure of the defendant to deliver the hops to the plaintiff pursuant to the writing, the latter commenced an action against the defendant, alleging its own corporate character; that "on or about the seventeenth day of November, 1916, the plaintiff and defendant entered into a certain contract or agreement of sale, whereby and by the terms whereof, the defendant agreed to sell and to deliver to the plaintiff on or before November 25, 1916," the 131 bales of hops in question, upon the terms and conditions stated in the above-mentioned receipt; that the hops were selected, marked, accepted and approved by the plaintiff as to kind and quality;

that they were bought by the plaintiff to fill an order which it had from a third party, all of which it declares to have been well known to the defendant at the time the above contract was made, and that the defendant wrongfully and without cause repudiated his contract with the plaintiff and refused to deliver the hops. By reason of the refusal to deliver the plaintiff claims that it was unable to make its own delivery to the third party and that on account thereof "the plaintiff has been and is damaged in the sum of $206.52." The plaintiff avers that it has performed each and all of the terms and conditions of the contract by it to be kept and performed and demands judgment for the amount named.

The defendant answered, denying all of the material allegations of the complaint. After trial the jury returned a verdict for the defendant, upon which judgment was entered, and the plaintiff appeals. The case is presented here on the bill of exceptions alone. The only error assigned is the giving of the following instructions:

"(A)   There has been offered in evidence what purports to be a sales-slip, or memorandum, executed by Frank Duda and dated November 15, 1916, and received in evidence as plaintiff's exhibit No. 1. This memorandum is presumed to be correctly dated, and in the absence of a showing to the contrary, you are to consider November 15, 1916, as the date of the execution of this memorandum. This memorandum recites a consideration of One Dollar but this expression of consideration is not conclusive, and it may be shown by oral evidence that no consideration was actually received.

"(B)   If the contract in question was entered into by the defendant and F. M. Morley as principal, and, after the execution of this contract, F. M. Morley transferred or assigned this contract to the plaintiff;

such facts, under the pleadings in this case, would not entitle the plaintiff to recover, for the contract alleged in the complaint is an original contract between Brown & Company and Duda.

"(C)   Involved in the measure of damages is also the question of necessity for reliance by the plaintiff on the contract alleged to have been entered into between the plaintiff and defendant.   It is alleged in the complaint that the plaintiff was unable to meet this alleged contract for eleven cents by reason of the alleged breach.   If the market conditions were such that the plaintiff could by utilizing the market—going into the market and procuring the commodity at the time—the plaintiff could have avoided this alleged loss, then it would have been the duty of the plaintiff to have done so.   Whether the evidence discloses such a state of facts is to be determined by the jury in this case."

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Custer E. Ross.*

For respondent there was a brief over the name of *Messrs. Smith & Shields,* with an oral argument by *Mr. Roy F. Shields.*

JOHNS, J.—1, 2. The action was brought and tried upon the theory that the contract between the defendant and Morley was in fact made with the plaintiff; that at the time of its execution the defendant knew Morley to be the agent of the plaintiff and that in the execution of the contract he was dealing with the plaintiff.   The right to prove such a fact by parol testimony is sustained by the opinion of this court in *Barbre* v. *Goodale,* 28 Or. 465 (38 Pac. 67, 43 Pac. 378).   It appears from the bill of exceptions that the plaintiff offered testimony tending to prove this fact and that the defendant denied any knowledge of Mor-

ley's agency or that he received any consideration for
the execution of the agreement with Morley. Under
the general denial the burden was on the plaintiff to
prove the execution of the agreement, and the defend-
ant would have a right to show that it was without
consideration. There was no error committed in giv-
ing instruction "A."

3. It is contended by the plaintiff that "submitting
to a jury * * a question on which there was no evi-
dence is reversible error" and that for such reason
instruction "B" should not have been given; but it is
stated in the defendant's brief that:

"The defendant's evidence, however, showed that
during the original negotiations with Morley he was
acting in his own behalf, and the memoranda actually
signed bound the defendant to sell the hops to Morley
personally."

The plaintiff could become the owner of the contract
in but one of two ways: First, as principal in the origi-
nal contract; or, second, by an assignment of Morley's
interest. We do not have the testimony which was
before the trial court and it does not appear from the
bill of exceptions that there was no evidence of an
assignment from Morley to the plaintiff produced at
the trial. We have no right to assume that there was
prejudicial error in giving instruction "B."

4. The bill of exceptions shows that:

"No evidence was introduced in this action as to
the market value of hops of the kind and quality of
those of defendant, as aforesaid, at Mt. Angel, Ore-
gon, the place of delivery, or the market price of such
hops at any other place."

Instruction "C" has to do with the measure of
damages. Without some evidence tending to show
that the plaintiff was damaged by reason of the failure

of the defendant to carry out the alleged contract, the plaintiff would not be entitled to recover, and it appears from the record that there was no such evidence.

The judgment is affirmed.                          AFFIRMED.

BENSON, BEAN and BENNETT, JJ., concur.