Submitted on briefs January 15, reversed and remanded
June 4, 1958

# WILEY CO. *v.* HOME INDEMNITY CO.

326 P. 2d 123

. James Arthur Powers, Judge Pro Tempore.

Joseph & Powers, Portland, for appellant.

Mautz, Souther, Spaulding, Denecke & Kinsey, Portland, for respondent.

SLOAN, J.

This is an action by plaintiff, a general contractor, to recover from defendant, a subcontractor's bondsman, for the cost of materials supplied the subcontractor and for which judgment has been rendered against plaintiff and the judgment paid. The facts are these:

On May 20, 1949, plaintiff entered into a general contract with the Josephine county school district for

the construction of a high school at Cave Junction, Oregon. On June 4, 1949, plaintiff awarded a subcontract in the nature of a written memorandum agreement to one Lawrence L. Tennison, dba Tennison Electric Co., whereby Tennison agreed to "furnish all labor and materials and other items necessary to perform the electrical work in accordance with plans and specifications" as required by the general contract. The total consideration to be paid Tennison was $12,371.49. The sole method of payment set forth in this memorandum is as follows: "Monthly estimates on or about the 10th based on percentage of completion and as approved by Architect with 10% retained until 35 days after completion and acceptance." On the same date as this agreement Tennison as principal and defendant as surety delivered to plaintiff two bonds. One of these was designated a "Labor and Material Payment Bond" and the other "Performance Bond." In each bond plaintiff was obligee. Further reference to these bonds will be made later in this opinion.

Tennison entered upon the performance of this subcontract, and the performance was completed sometime in November or December of 1949 or January of 1950; of this the record is indefinite. On January 12, 1950, plaintiff paid to Tennison all the amount due him, including the retained percentage. Plaintiff completed his contract with the school district and was paid.

A short time thereafter the school district and plaintiff received notice of a claim in the amount of $1,177.15 by the General Electric Supply Corporation that Tennison had failed to pay to it on account of a bill for materials supplied to Tennison for use in performance of the contract. Defendant was notified of the claim and denied any responsibility. On or about May 12,

1950, the General Electric Supply Corporation filed action on this claim against plaintiff in the circuit court for Multnomah county, and summons and complaint were served upon plaintiff on that date. Defendant was notified of pendency of the claim and the defense of the action was tendered by plaintiff.

Defendant declined to defend and plaintiff proceeded to do so. This action resulted in judgment against plaintiff for $1,177.15, plus interest at the rate of 6 per cent per annum from January 30, 1950, until paid, and an additional sum of $250 attorneys' fees and costs. Plaintiff immediately notified defendant of the entry of the judgment and that if defendant did not desire an appeal be prosecuted, plaintiff would be compelled to pay said judgment. No appeal was perfected, and on October 4, 1951, plaintiff paid $1,623.91 in full satisfaction of this judgment.

Thereafter plaintiff filed this action on defendant's performance bond to recover such sum plus the sum of $250 expended by it for attorneys' fees in the defense of the above action, together with court costs in the amount of $8. Plaintiff also seeks its attorneys' fees in this action. The cause was tried to the court without the intervention of a jury, and after trial the court made findings of fact and, based thereon, concluded as a matter of law that the "defendant is not liable to plaintiff" and entered judgment accordingly.

It should be noted that between the time of the events just related and the trial in the lower court plaintiff's corporate name was changed from Settergren-Wiley Co. to Wiley Co. and appropriate amendment and order were entered in the pleadings.

Plaintiff appeals and asserts three assignments of error. All are based upon the same contention that the findings do not support the judgment entered

and that such findings warrant a judgment for plaintiff.

The findings must sustain the judgment. *Maeder Steel Products Co. v. Zanello,* 109 Or 562, 220 P 155. And if, in fact, the findings do require a judgment for plaintiff the cause should be reversed and judgment entered accordingly. *Neilson v. Title Guaranty & Surety Co.,* 81 Or 422, 159 P 1151.

The above statement of the chronological course of events leading to this action is a summarization of the court's findings numbered I, II, III, and IV, which likewise find the corporate capacity of the parties and the execution of the contract between plaintiff and the school district. The other findings pertinent to the questions to be determined are as follows:

"V.

"That thereafter Mr. Lawrence L. Tennison, doing business as Tennison Electric Co., as subcontractor, entered into an agreement with the plaintiff to furnish and install all electrical wiring, fixtures and appliances required of the plaintiff by its certain prime contract, and that on or about the 4th day of June, 1949, the said Lawrence L. Tennison as principal, and the defendant as surety made, executed and delivered to the plaintiff two bonds, one entitled a performance bond in the penal sum of $12,500.00 conditioned that Lawrence L. Tennison, the subcontractor, and the principal of said bond would faithfully perform his said contract, and the other entitled a labor and material payment bond in the penal sum of $12,500.00, the condition of which bond was that Lawrence L. Tennison as principal should promptly make payment to all persons performing labor or supplying material in connection with the plaintiff.

"VI.

"That thereafter Lawrence L. Tennison entered upon the performance of his said subcontract and

completed the work of installing and furnishing electrical wiring, fixtures and appliances.

## "VII.

"That Lawrence L. Tennison failed and neglected to pay General Electric Supply Corporation $1,177.15 which was due and owing for materials sold to Lawrence L. Tennison for use in the performance of his said subcontract with the plaintiff.

## "VIII.

"That subsequent to the time at which said sum became owing by Tennison to General Electric Supply Corporation the plaintiff, without receiving any evidence that Tennison had paid his material bills and without inquiring of Tennison as to whether or not Tennison's material bills were paid, paid to Tennison an amount retained by the plaintiff from Tennison, which amount was in excess of $1,177.15."

Findings numbered IX, X, XI, XII, XIII, XIV, and XV all refer to the notification of defendant by plaintiff of the General Elecrtic Supply Corporation claim, the filing of the action against plaintiff by it, notice and tender to defendant, the entry of the judgment, and its satisfaction heretofore related.

Findings numbered XVI and XVII are as follows:

## "XVI.

"That the plaintiff paid to its attorney for the defense of the said action the sum of $250.00, which was the reasonable value of his services therefore, and was forced to pay, in connection with the said suit, a Clerk's docket fee of $8.00.

## "XVII.

"That more than six (6) months has elapsed since the determination of the liability of the plaintiff by the said judgment and the notification of the defendant herein by plaintiff of its liability, but

defendant has failed, neglected and refused to pay the said judgment or the amount of the loss of the plaintiff herein, or any part thereof."

In addition the court entered its conclusions of law as heretofore stated.

The questions to be determined are best stated by indicating the defense interposed by the defendant.

The principal issue raised by the defendant is: Can a surety on a general performance bond be held liable for unpaid supply or material bills of the principal? To determine this we must look primarily to the agreements between the parties involved.

The bond in question provides as follows:

"WHEREAS, Contractor has by written agreement dated June 4, 1949 entered into a contract with Owner for installing electrical furnishings for construction of Illinois Valley High School, Cave Junction, Oregon in accordance with drawings and specifications prepared by Freeman & Hyslip, Portland, Oregon which contract is by reference made a part hereof, and is hereinafter referred to as the CONTRACT.

"NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that if Contractor shall promptly and faithfully perform said CONTRACT, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

As previously noted the memorandum contract between plaintiff and Tennison required the latter to install all electrical equipment, etc., in accordance with the architect's drawings and specifications for the entire school building. The memorandum further provided:

"* * *. It is expressively agreed that all conditions of the contract between Josephine County School District and Settergren-Wiley Co. are a part of this agreement."

Consequently, to determine the full obligation of Tennison and defendant to the plaintiff examination of the contract between plaintiff and the school district is necessary. Unfortunately this agreement is not in evidence.

■ However, it is established that such contract, whatever may have been its detailed terms, must, or is construed to, contain those conditions required by statute. *Fitzgerald v. Roscoe Neal et al.*, 113 Or 103, 231 P 645. The statute particularly involved is ORS 279.312, which provides that:

"Every public contract shall contain a condition that the contractor shall:

"(1) Make payment promptly, as due, to all persons supplying to such contractor labor or material for the prosecution of the work provided for in such contract."

■ We must, therefore, consider this statute as being a part of the obligation of defendant to plaintiff. In other words Tennison, by his agreement with plaintiff, agreed that all conditions of plaintiff's contract with the school district would be performed. An essential element of the latter was the payment of all material bills, as required by statute. Inasmuch as defendant guaranteed this performance it follows that defendant is obligated to pay plaintiff for the amount found due. *Fitzgerald v. Neal et al.*, supra.

To avoid this obligation defendant calls our attention to a line of authority holding that the surety on a performance bond cannot be held for unpaid materialman's bills. Typical of this point of view is *Tremblay v. Soucy*, 132 Me 251, 169 A 737, and cases therein cited. With commendable candor, however, defendant acknowledges a division of authority on this question. The contrary view, cited by plaintiff, is expressed in

*Crowley v. United States Fidelity & Guarantee Co.,* 29 Wash 268, 69 P 784, and *Pacific States Electric Co. v. U. S. F. & G. Co.,* 109 Cal App 691, 293 P 812. The question has never been decided by this court, and it is unnecessary for determination in this case. The defendant here is bound to perform its principal's obligation which included the payment of material bills as heretofore indicated.

The defendant also asserts that plaintiff is limited to its rights in accordance with the so-called labor and material bond. In view of the disposition of this case it is unnecessary to consider this question. If plaintiff has a good cause against defendant upon the performance bond it is immaterial how many other causes of action it might have pleaded. Consideration has been given to *Lamson Co. v. Jones,* 134 Cal App 89, 24 P2d 845, and *Cavanaugh v. Globe Indemnity Co.,* 141 Kan 774, 44 P2d 216. These cases involve an entirely different factual situation in which the respective plaintiffs' rights were determined by a statute unlike any Oregon statute.

■■ Defendant also seeks to avoid liability on the ground that plaintiff's payment to Tennison as stated in finding No. VIII was premature and thereby constituted a release of the surety. It is true that excess payments depriving the surety of his security can release the surety from his obligation. *Neilson v. Title Guaranty & Surety Co.,* 81 Or 422, 159 P 1151. It is equally true that payments made in accordance with the terms of the contract between the obligee or owner and the principal do not operate to release the surety, even though the principal has unsatisfied claims against him. *Newport Contracting & Engineering Co., Inc. v. Globe Indemnity Co.,* 149 Md 207, 131 A 323; *Dorr v. Banker's Surety Co.* (Mo App), 218 SW 398.

The general rule is stated in an annotation in 127 ALR 34 thusly: "It may be laid down that payments made by the owner to a construction contractor in accordance with the terms of the contract do not release the surety on the contractor's bond from liability to the owner."

■ In *Neilson v. Title Guaranty & Surety Co.,* supra, the payments made were clearly in excess of those called for by the contract as a result of which the surety's position was seriously impaired. In the instant case there is no finding (in fact no evidence) that the payments were made other than as required by the contract between the plaintiff and Tennison. The fact, as set forth in finding No. VIII, that plaintiff did not inquire or that the bill was at that time unpaid is immaterial. The contract between these parties did not require it.

In the absence of such findings we cannot say that plaintiff did other than perform its contract with Tennison in making such payments.

■ It follows that the judgment of the lower court is reversed. For the reasons heretofore stated, judgment shall be entered for plaintiff in the sum of $1,623.91, with interest on said sum at the rate of 6 per cent per annum from October 4, 1951, until paid, and for the further sum of $250 found by the court to be a "reasonable fee" paid to plaintiff's attorney for the defense of the action brought by General Electric Supply Corporation, plus $8 allowed for costs. In addition plaintiff is entitled to its reasonable attorneys' fees in the prosecution of this action and appeal. *Christensen, Inc. v. Hansen Co.,* 142 Or 549, 21 P2d 195. There is no finding or evidence upon which the amount thereof can be fixed. Upon remand the court shall hear and determine the reasonable value thereof and enter judgment accordingly.