822 P.2d 729 (1991)
110 Or.App. 171
GILBERT PACIFIC Corporation, Respondent,
v.
STATE OF OREGON, Acting by and through Its Transportation Commission, Department of Transportation, Highway Division, Appellant.
89C-10363; CA A65112.
Court of Appeals of Oregon.
Argued and Submitted June 26, 1991.
Decided December 11, 1991.
Reconsideration Denied March 4, 1992.
*730 Rives Kistler, Asst. Atty. Gen., Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Atty. Gen., Virginia L. Linder, Sol. Gen., and Harrison Latto, Asst. Atty. Gen., Salem.
John Spencer Stewart and Gregory B. Snook, Portland, argued the cause for respondent. With them on the brief were Michael R. Beyer and Stafford Frey Cooper & Stewart, and Andrew K. Chenoweth and Allen, Kilmer, Schrader, Yazbeck & Chenoweth, Portland.
Before RICHARDSON, P.J., JOSEPH, C.J.,[*] and DEITS, J.
RICHARDSON, Presiding Judge.
Plaintiff, Gilbert Pacific Corporation, was the general contractor for defendant state on a highway grading and repaving project. It brought this action for, inter alia, breach of contract and breach of warranty, seeking to recover costs that it had incurred and for services that it had rendered as a result of serious problems with the highway subgrade. The problems necessitated extensive subexcavation and related work, delays and expenses that were not contemplated by defendant's specifications or the parties' contract. In addition to stating claims for its own damages, plaintiff stated a "pass-through" claim for losses allegedly sustained by a subcontractor, Walt's Concrete Co. (Walt's). Although Walt's was not a party or given formal party status, the trial court allowed Walt's attorney's motion to participate separately from plaintiff's attorney in the trial and did not reach Walt's alternative motion to intervene.[1] The case was tried, with Walt's participation, and the jury returned a general verdict, awarding damages for plaintiff's and Walt's losses. Defendant appeals from the resulting judgment.
Defendant's first three assignments challenge the denial of its pretrial motion to strike the pass-through claim and the court's allowance of Walt's participation. Plaintiff alleged that, due to defendant's breach, Walt sustained damages that "are herewith passed through by plaintiff * * * unto defendant for resolution and satisfaction."
The pass-through doctrine has been recognized by the federal courts and the courts of many states. It was explained in United States v. Blair, 321 U.S. 730, 737, 64 S.Ct. 820, 88 L.Ed. 1039 (1944):

*731 "Included in the $79,661.56 award of miscellaneous damages was one item of $9,730.27 on a claim to the use of the Roanoke Marble & Granite Company, Inc., a subcontractor of respondent who furnished the materials and performed the labor necessary to install the tile, terrazzo, marble and soapstone work called for in respondent's contract with the Government. * * *
"Clearly the subcontractor could not recover this claim in a suit against the United States, for there was no express or implied contract between him and the Government. Merritt v. United States, 267 U.S. 338[, 45 S.Ct. 278, 69 L.Ed. 643 (1925)]. But it does not follow that respondent is barred from suing for this amount. Respondent was the only person legally bound to perform his contract with the Government and he had the undoubted right to recover from the Government the contract price for the tile, terrazzo, marble and soapstone work whether that work was performed personally or through another."
In Severin v. United States, 99 Ct.Cl. 435 (1943), cert. den. 322 U.S. 733, 64 S.Ct. 1045, 88 L.Ed. 1567 (1944), the court held that, to assert a pass-through claim against an owner, a contractor must be liable to the subcontractor as a result of the owner's claimed breach.
Defendant does not argue, and we therefore do not decide, whether the pass-through doctrine should not be recognized in Oregon or that plaintiff could not state a pass-through claim here if it were liable to Walt's. Rather, defendant argues that plaintiff failed to state a claim, because it did not allege that it was liable to Walt's. Plaintiff responds that it did not have to plead that fact and that the courts that have considered the question have uniformly held that non-liability is an affirmative defense that the owner must plead and prove. Plaintiff is correct. See United States v. Blair, supra; see also Morrison-Knudsen Company v. United States, 397 F.2d 826, 852, 184 Ct.Cl. 661 (1968), and authorities there cited.
Defendant contends, however:
"[Plaintiff] relies on federal cases for the proposition that it should not have the burden of pleading and proving the damages it seeks. The procedural question, however, of who has the burden of pleading and proving damages is governed by state law, cf. City of Portland v. Bureau of Labor and Ind., 298 Or. 104, 114-15, 690 P.2d 475 (1984) (declining to follow federal burden-shifting approach in construing analogous state law), and state law has long recognized that the plaintiff bears that burden, Wm. Brown & Co. v. Duda, 91 Or. 402, 406-07, 179 P. 253 (1919)."
We disagree. The question here does not concern the proof of damages; it concerns liability and an affirmative defense against liability. The defendant's burden to prove affirmative defenses is as well-recognized in Oregon as it is in the federal courts. ORCP 19B. We agree with the decisive weight of authority, which holds that the contractor's non-liability to the subcontractor is a matter of defense. The motion to strike was correctly denied.
Defendant next contends that the court erred in allowing Walt's, a non-party, to be represented at and to participate in the trial. We discern no possible prejudice. Walt's moved to intervene, and its interest in the litigation was sufficient for the trial court to have allowed it the status of a permissive intervenor. ORCP 33C; see Barendrecht v. Clark, 244 Or. 524, 419 P.2d 603 (1966). As we have said, supra, it is not clear to us why the trial court allowed "participation" rather than "intervention." Under the circumstances, however, there is no difference in the distinction.
Although the trial court did not rule on the alternative motion to intervene, it indicated that it would have denied intervention if it had ruled. We review trial court rulings on motions for permissive intervention for abuse of discretion. See Samuels v. Hubbard, 71 Or. App. 481, 692 P.2d 700 (1984), rev. den. 299 Or. 118, 700 P.2d 250 (1985). We do not suggest that we would have reversed the trial court's decision had it denied both participation *732 and intervention. However, given the very peculiar nature of the proceedings, and given the fact that there is no such thing as a right of a non-party to participate in a trial, the practical effect of the ruling was to give Walt's some limited form of intervention. The error, if any, was harmless.
In its next assignment, defendant contends that the court erred by instructing the jury:
"As a matter of law, as the author of the plans and specifications, [defendant] guaranteed [plaintiff] that the plans and specifications were adequate, accurate, and complete, and, if followed, an acceptable result would follow. This guarantee is known as the owner's implied warranty of the sufficiency of the plans and specifications."
The court instructed further that, were the jury to find that plaintiff followed the plans and specifications and that they "were faulty because they were inadequate, inaccurate or incomplete," then defendant had breached the implied warranty.
The instruction was derived from the doctrine, adopted by the Oregon Supreme Court in Barbour & Son v. Highway Com., 248 Or. 247, 257, 433 P.2d 817 (1967), that an owner's "specification is in the nature of a warranty that, if it is `complied with, satisfactory performance will result': J.D. Hedin Construction Company v. United States, 347 F.2d 235, 241 [171 Ct.Cl. 70] (Ct Cl [1965])."
Defendant argues that the instruction was erroneous for two reasons. First, it contends, the contract between the parties contained a provision that allowed for changes and alterations in plans and that thereby negated the implied warranty. Similar arguments were rejected in Barbour & Son v. Highway Com., supra, 248 Or. at 258, 433 P.2d 817, and in United States v. Spearin, 248 U.S. 132, 39 S.Ct. 59, 63 L.Ed. 166 (1918), and we reject this one.
Defendant argues next that the instruction was legally incorrect, because it did "not tell the jury that incomplete plans will be a breach of the implied warranty only if [it] find[s] that the incompleteness resulted from the owner's failure to plan carefully, rather than changed conditions that the owner could not reasonably anticipate." Defendant relies for that distinction on the suggestion in J.D. Hedin Construction Company v. United States, supra, 347 F.2d at 243, and later cases, that it is not a breach of the implied warranty if the "changes in specifications resulted from changed conditions rather than faulty specifications."
Plaintiff disagrees with defendant's legal theory. We need not decide that dispute, because the evidence could not support an instruction that reflected defendant's theory, even if it were legally correct. There was no change in conditions here. The only change was in the parties' understanding of what the conditions were, and that was caused by defendant's failure to include known or knowable conditions in its original specifications, although those conditions existed at the time that those specifications were prepared.
In its fifth assignment, defendant argues that the court erred by awarding plaintiff prejudgment interest of 18 percent per annum pursuant to former ORS 279.575(4), rather than the lower interest rate on any "settlement or judgment" that would have been allowable under current ORS 279.435(4). The statute was amended and recodified after the parties entered into their contract, but before plaintiff brought this claim. Defendant relies, inter alia, on our statement in Employers' Fire Ins. v. Love It Ice Cream, 64 Or. App. 784, 788-89, 670 P.2d 160 (1983):
"[T]he trial court erred in setting the rate for the prejudgment interest at 6 percent per annum from July 23, 1979, until the date of judgment. The version of ORS 82.010 in effect on July 23, 1979, provided for prejudgment interest at a rate of 6 percent per year. That statute was amended, effective July 25, 1979, to increase the rate of interest to 9 percent per annum. Judgment in this case was entered after July 25, 1979. The contract here was not a contract for the repayment of money owed to another, for which the interest rate at the time *733 the contract was entered into governs. Graham v. Merchant, 43 Or. 294, 311-13, 72 P. 1088 (1903). Therefore, defendant was entitled to prejudgment interest at a rate of 6 percent per year for July 23, and 24, 1979, and 9 percent per year from July 25, 1979, until the date of the judgment. See Graham v. Merchant, supra * * *."
Plaintiff argues that the rule here differs, because the public contracting laws in effect at the time of contracting, including their interest provisions, are incorporated into every contract that is subject to them. Plaintiff relies on Wiley Co. v. Home Indemnity Co., 213 Or. 493, 500, 326 P.2d 123 (1958), where the court, applying the principle that contracts are deemed to contain what applicable statutes require them to contain, read into a contract subject to the public contracting laws the requirement of ORS 279.312(1) that a public contractor promptly pay suppliers of labor and materials. We do not read Wiley Co. nearly as broadly as plaintiff does. ORS 279.312 enumerates four specific matters, none relating to interest, that it expressly requires "[e]very public contract [to] contain." The statute and the case construing it do not suggest that everything else in ORS chapter 279 is also to be deemed a part of every contract.[2]
Plaintiff also relies on Valley Inland Pac. Constructors v. Clack. Water Dist., 43 Or. App. 527, 603 P.2d 1381 (1979). We held there that the plaintiff contractor, which recovered damages for retainage in the action, was entitled to interest at the rate specified for retainage by a statute that was in effect at all material times, rather than at the lower rate under a different statute that was amended, after the contract was entered into, to apply generally to "judgments" in disputes over compensation. Plaintiff relies on language in our opinion that, if read in isolation, might help it. However, Valley Inland is simply inapposite: There is no statute in question here, like the one there, that purports to prescribe interest rates on amounts due under the contract itself; both versions of the statute here relate to interest on judgments, and the issue in this case is controlled by our reasoning in Employers' Fire Ins. v. Love It Ice Cream, supra. The court erred by awarding prejudgment interest at the rate in the unamended statute.
Defendant argues in its sixth assignment that the court also erred by adding the prejudgment interest to the judgment before, rather than after, computing post-judgment interest. Again, defendant is correct. ORS 279.435(8)(b) provides that the "interest shall be added to and not made a part of the settlement or judgment."
Defendant makes two other assignments that we reject without discussion.
Remanded for recomputation of interest and entry of amended judgment; otherwise affirmed.
NOTES
[*] Joseph, C.J., vice Newman, J., deceased.
[1] For reasons that are not clear to us, the court stated that it would have denied Walt's alternative motion to intervene had it been necessary to reach that question.
[2] Plaintiff relies on Contractors, Inc. v. Tri-Met, 94 Or. App. 392, 766 P.2d 389 (1988), rev. den. 307 Or. 571, 771 P.2d 1021 (1989), for the same proposition. We find nothing in that case that supports the proposition.